UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATALIN PAMFILE,<br><br>Plaintiff,<br><br>v.<br><br>U.S.A. SECRETARY OF HEALTH AND HUMAN SERVICES (HHS),<br><br>Defendant. | Case No. C17-1059RSM<br><br>ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL |

This matter comes before the Court on Plaintiff's Motion for Change of Judge (Dkt. #12) and the Court's July 25, 2017, Order to Show Cause (Dkt. #10). *Pro Se* Plaintiff Catalin Pamfile has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #8. The Complaint was posted on the docket on July 21, 2017. Dkt. #9. Summons have not yet been issued. On August 3, 2017, Plaintiff filed the instant Motion, which also contained his Response to the Order to Show Cause. *See* Dkt. #12 at 6 (Plaintiff refers to his filing as a "response" and notes that it has been limited to 6 pages by the Court). The deadline to file any other response to the Order to Show Cause has passed.

As an initial matter, the Court will address Plaintiff's "Motion… for Change of Judge." Plaintiff argues that a fair and impartial trial cannot be had before the undersigned judge

ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL - 1

because the prior Order to Show Cause "look [sic] very clear [sic] like a pre FINAL DECISION CASE as quote from CHIEF UNITED STATES DISTRICT JUDGE RICARDO S. MARTINEZ : 'IN RESPONSE TO THIS order, will require dismissal.'" Dkt. #12 at 1 (misquoting Dkt #10 at 3). Plaintiff states that "the judgement of CHIEF UNITED STATES DISTRICT JUDGE RICARDO S. MARTINEZ can be affected by 03 people of hispanics [sic] origins involved in this case…. Also I request [the Court] take in consideration 03 slavic speaking origin people involved in this case…" *Id.* at 2. Plaintiff also appears to argue the merits of his underlying case repeatedly in this Motion.

28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or where "he has a personal bias or prejudice concerning a party." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Plaintiff provides no legitimate reason why the Court's impartiality might reasonably be questioned in this case, nor has the Court identified any in its independent review of the record. *See Studley*, 783 F.2d at 939. Accordingly, the undersigned judge declines to voluntarily recuse himself. Pursuant to the Local Rules for the Western District of Washington, the Court will direct the Clerk to refer this issue to the appropriate judge for further review. *See* LCR 3(e).

The Court next turns to the issues raised in its Order to Show Cause. Plaintiff brought this action against the Secretary of Health and Human Services ("HHS") using a standard form. Dkt. #9 at 1. Under "Jurisdiction," Plaintiff states only "because is about U.S.A. Secretary of Health and Human Services (HHS)." *Id*. at 2. Plaintiff provides no facts in the Complaint,

ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL - 2

instead referring the Court to attached documents totaling over 1,700 pages.  *Id*. at 2 – 3; *see also* Dkts. #2 – #6.  Plaintiff's attached documents are, from the Court's perspective, organized in no logical fashion and constitute random letters and personal records of Plaintiff.  From what the Court can discern, Plaintiff requests, *inter alia*, that the Secretary of Health and Human Services release Plaintiff's passport so that Plaintiff can travel to Europe to eat food that does not contain "a lot of chemicals… hormones, pesticide…."  *See* Dkt. #2-1 (filed under seal). Plaintiff argues that "[t]he USA health care is covering up poison food with chemicals; toxic houses with fibber [sic] glass insulation, formaldehyde, mould [sic], toxic threaded wood; environmental pollution."  *Id*.  Plaintiff's rambling attachments repeat themselves and reference several nebulous government entities that are persecuting Plaintiff.  *See, e.g., id*.  At one point, Plaintiff states that his passport expired in January 2016 and that his application for renewal was denied, possibly because of an issue with "back child support in Texas court."  Dkt. #4-11 at 1.  Plaintiff accuses the Texas Family Court and Texas Attorney General of abuse of power and obstruction of justice.  *Id.*  Plaintiff includes other seemingly unrelated claims in his filings, including accusations of prostitution and money laundering against his ex-wife.  *See* Dkt. #5-1 (filed under seal).  Under the section of his Complaint titled "Relief," Plaintiff again cites to the attachments but also requests "release of my passport," "give me my constitution [sic] rights to take care of my health in Europe."  Dkt. #9 at 4.

All of the above issues were pointed out in the Court's Order to Show Cause, and Plaintiff was ordered to "write a short and plain statement telling the Court (1) the laws or statutes upon which his claims are based, (2) how Defendant Secretary of Health and Human Services violated those laws or statutes causing harm to Plaintiff, and (3) why this case should not be dismissed as frivolous."  Dkt. #10 at 3.

ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL - 3

Plaintiff's Response, in addition to requesting a new judge, argues that the Court misunderstands his claim, which is to 'RELEASE MY PASSPORT blocked by Secretary of Health and Human Services based on NULE="0.00" [sic] certified that I own child support." Dkt. #12 at 2. Plaintiff states that the Court "is asking for: statue [sic], laws, rules,……numbers, names, dates,……. There are no laws, statues [sic] or not even rules to be apply [sic] on regulatory factors of chemical, hormones inside the food but POISON FOOD AND POISON PEOPLE IS A CRIME." *Id*. at 4. Plaintiff argues that toxic houses, toxic air, and prostitution in marriage are crimes, but fails to explain how Defendant Health and Human Services violated specific laws or how Health and Human Services is to blame for Plaintiff's inability to obtain his passport. Plaintiff argues that "restricting of citizen passport is JAIL TIME NOT FREEDOM," and cites incoherently to "FREEDOM," "PERSUE [sic] OF HAPPINESS," "DENIAL OF RIGHTS TO VOTE and RIGHT TO FAIRL TRIAL." *Id*. at 5.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has failed to coherently answer the Court's questions. Plaintiff's Complaint lacks a coherent fact pattern connecting the actions of Defendant to an injury and lacks a claim upon which relief can be granted under law. Instead, Plaintiff's Complaint and Response give every indication that his lawsuit is frivolous. The Court therefore concludes that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's Motion for Change of Judge (Dkt. #12) is DENIED. In conformity with LCR 3(e), the Chief Judge refers any order in which he or she has declined

ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL - 4

to recuse to "the most active judge with the highest seniority;" in this district that judge is the Honorable Ronald B. Leighton of Tacoma. Accordingly, this order is referred to Judge Leighton for review.

2) This matter is DISMISSED.

3) The Clerk shall send a copy of this Order to Plaintiff at 2404 PINE ST, EVERETT, WA 98201.

DATED this 16th day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CHANGE JUDGE AND ORDER OF DISMISSAL - 5